**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, William Borgos-Velez, being first duly sworn, hereby depose and state as follows:

**AGENT BACKGROUND**

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41 of the Federal Rules of Criminal Procedure, that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a warrant. I have participated in investigations relating to interference with commerce by robbery, use and carrying of firearms during and in relation to crimes of violence, other firearms crimes, controlled substance crimes, organized crime, violent gangs, and carjacking, among other federal violations. As part of my duties, I have also conducted or participated in electronic and physical surveillances, the execution of arrest warrants, search warrants, debriefings, and the utilization of informants.

2. I have received extensive training in the conduct of a variety of investigations. I am currently assigned to work in an assortment of criminal and national security matters, including the investigation of violent crimes and gangs, public corruption, criminal enterprises, drug trafficking organizations, and major offenses such as bank robberies, carjacking's and the apprehension of federal fugitives. In my experience, I have participated in a wide range of investigations. This experience has included receiving and analyzing information, conducting interviews, collecting, and processing physical evidence, and preparing evidence for trial. The information contained herein was learned by me, or provided to me, by other law enforcement officers participating in this investigation.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of your affiant's knowledge about this matter. The facts set forth in this affidavit are based on your affiant's personal knowledge, knowledge obtained during his participation in this investigation, knowledge obtained from other investigators, his and other investigators' review of documents in relation to this investigation, communications with others,

including individuals involved in the offenses under investigation who have personal knowledge of the events and circumstances described herein, and information gained through your affiant's training and experience. To the extent that this affidavit contains statements made by witnesses, those statements are set forth only in part and in substance and are intended to accurately convey the information, but not to be verbatim recitations, unless indicated otherwise.

## PROBABLE CAUSE

4. On March 18, 2025, at approximately 10:00 am, Puerto Rico Police Bureau (PRPB) received an anonymous tip that in front of Building 3 of the Columbus Landing Public Housing Project (PHP) there was a skinny, dark skinned man with a goatee, with no shirt on and blue jeans who was arguing over the phone and holding in his hand a black firearm.

5. PRPB created an operational plan to drive by the PHP to corroborate the information received. Two PRPB officers on foot entered the PHP and observed an individual with the same descriptions provided by the anonymous caller in front of building 3 of the aforementioned PHP. Officers observed the individual was arguing over the telephone and holding a black Glock pistol with his right hand.

6. One of the PRPB officers identified himself as a police officer and the individual, who the officer's identified as Luca, ran and entered Building 3. The officer's identified the individual as Luca because he was a known drug dealer from the Columbus Landing PHP. Luca was later identified as Hector Lucas Zaragoza Alicea. The PRPB Officer initiated a foot chase and followed Hector Lucas Zaragoza Alicea into Building 3 and observed when Hector Lucas Zaragoza Alicea entered apartment 41. The PRPB officer culminated the foot chase at that time because he was too far behind on the foot chase when Hector Lucas Zaragoza Alicea entered the apartment 41 and subsequently closed the door and locked it. The PRPB officer noticed that the door of apartment 41 had the keys in the lock of the door. At this point the PRPB officer treated the situation as if

there was a barricaded subject and for his safety waited outside the apartment for his fellow coworkers who were at the same PHP. The PRPB officer yelled from the outside of the apartment to exit the apartment. Hector Lucas Zaragoza Alicea opened slightly the door and asked the officer what he wanted. The officer explained that he observed him with a firearm and he was to be placed under arrest. Hector Lucas Zaragoza Alicea took the keys out of the lock and closed the door. Additionally, Hector Lucas Zaragoza Alicea closed the windows of the apartment. The apartment was secured by the PRPB officer who waited for additional PRPB officers to arrive and surrounded building 3. No one entered or exited the apartment during this time.

7. While PRPB officers were at building 3 an individual approached the officers and identified himself as the resident of apartment 41. The individual stated to the officers that he lived alone and no one else was registered in the apartment. PRPB obtained the Puerto Rico Department of Housing certification that the individual was in fact the sole occupant of apartment. Additionally, PRPB queried the Firearms registry for the individual, which confirmed that the individual did not possess a firearms license.

8. On that day March 18, 2025, out of an abundance of caution, PRPB officers obtained a state issued search and seizure warrant to search apartment and the person of Hector Lucas Zaragoza Alicea. PRPB officers along with the registered occupant of apartment 41 arrived at the apartment and ordered Hector Lucas Zaragoza Alicea to open the apartment 41, because they had an authorized search and seizure warrant to search the apartment and his person. Hector Lucas Zaragoza Alicea opened the apartment and the officers entered the apartment to begin the search. The search warrant on the apartment was executed at approximately 3pm.

9. A PRPB firearms certified canine searched the apartment and alerted near a window and to the bed of one of the bedrooms to the presence of a firearm. Pursuant to the authorized search and seizure warrant PRPB officers searched near where the PRPB canine alerted and seized the following:

    a. an unloaded black Glock pistol altered to fire in automatic;

    b. a loaded magazine with 11 .40 caliber rounds of ammunition;

    c. a rifle magazine loaded with 29 .223 caliber rounds of ammunition;

    d. a loaded Glock pistol magazine loaded with 7 .40 rounds of ammunition;

    e. a single .40 caliber round of ammunition

10. The Glock pistol seized from the apartment resembled the Glock pistol the officer observed Hector Lucas Zaragoza Alicea had when he initially saw him as mentioned in paragraph 5. Subsequently after the Glock pistol was found, Hector Lucas Zaragoza Alicea was arrested in the apartment.

11. PRPB provided criminal history for Hector Lucas Zaragoza Alicea which revealed he was convicted of a crime to a term of imprisonment exceeding one year in 2018. In addition, the weapon and ammunition found in the apartment were not manufactured in Puerto Rico, so they necessarily traveled in the interstate and foreign commerce.

## CONCLUSION

12. Based on the aforementioned facts, I believe that there is probable cause to believe that Hector Lucas Zaragoza Alicea knowingly violated Title 18 USC 922(g)(1), I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
William Borgos FBI TFO

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 6:15 PM in San Juan, Puerto Rico, on March 19, 2025.

_____
Marcos E. López
United States Magistrate Judge